Rogers v. Grote Paint Co.

ROGERS, Appellant, v. GROTE PAINT COMPANY, Respondent.

St. Louis Court of Appeals, April 24, 1906.

1. LANDLORD AND TENANT: Action for Possession: Non-Payment of Rent. The facts in this case are the same as in the case of Rogers v. Grote Paint Company, page 300 of this volume, in which it was determined that the defendant was liable to plaintiff for rent of the premises occupied by it as tenant of the plaintiff.

2, ———: ———: ———. In an action for possession, under section 4131, Revised Statutes 1899, by the landlord against a tenant, where the tenant has refused to pay rent, due according to the terms of his lease, plaintiff should have judgment for possession, unless the defendant before judgment pays the rent due, in which case the defendant may retain possession of the premises.

Appeal from St. Louis City Circuit Court. — *Hon. O'Neill Ryan,* Judge.

REVERSED AND REMANDED.

*Fred Wislizenus* for appellant.

*S. T. G. Smith* for respondent.

BLAND, P. J.—This is an action for unlawful detainer, commenced in a justice's court and in due course appealed to the circuit court. The evidence is practically the same as in the case of Rogers v. S. E. Grote Paint Company, 118 Mo. App. 300, to recover an installment of rent. The lease contains the following clause not quoted in the case for rent, to-wit:

"It is expressly covenanted between the lessor and the lessee that any failure on the part of the lessee to pay any installments of rent covenanted to be paid by the terms of this lease, for a period of three days after the same shall be due and payable, and any breach, upon the part of the lessee, of any other covenant in this lease contained, shall, at the option of the lessor, operate as a forfeiture of this lease, and the lessor shall have the right to declare such forfeiture by giving five days' notice of its intention so to do, to the lessee, said notice to be in writing, and delivered to the lessee or any person in charge of the premises."

The plaintiff did not exercise her option to declare the lease forfeited for non-payment of rent, by giving notice to defendant of her intention to do so, and for this reason the defendant contends that she cannot recover. The suit is not brought upon the theory that there had been a forfeiture of the lease declared by plaintiff for non-payment of rent. But the suit is bottomed upon section 4131, Revised Statutes 1899, providing that the

landlord may recover possession of the premises rented where rent has become due and payable after demand has been made by him and where payment is not made by the tenant after such demand. Rent was due and payable, as we held in the suit above referred to, and demand for its payment was made by plaintiff and payment refused. The plaintiff, therefore, made out a complete case, entitling her to judgment, and judgment should be awarded her, unless the defendant, before judgment is entered, pays the rent due, as he may under the statute and retain possession of the premises.

The judgment is reversed and the cause remanded. All concur.